■ US Bank National Association, as Trustee for Bear Stearns Asset Backed Securities Trust 2004-AC4, Respondent, v Sohannie Richard, Appellant, et al., Defendants. [57 NYS3d 509]—

In an action to foreclose a mortgage, the defendant Sohannie Richard appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Adams, J.), dated February 19, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference, and denied her motion for summary judgment dismissing the complaint insofar as asserted against her, and (2) so much of an order of the same court, also dated February 19, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference, and appointed a referee to compute the amount due on the mortgage loan.

Ordered that the appeal from so much of the first order dated February 19, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sohannie Richard and for an order of reference is dismissed, as that portion of the order was superseded by the second order dated February 19, 2015; and it is further,

Ordered that the first order dated February 19, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that the second order dated February 19, 2015, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sohannie Richard and for an order of reference are denied, and the first order dated February 19, 2015, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In April 2004, the defendant Sohannie Richard (hereinafter the defendant) executed a note in a certain sum. The note was secured by a mortgage on residential property located in

Elmont, Nassau County. In August 2009, the plaintiff commenced this mortgage foreclosure action against the defendant and others, alleging in its complaint that the defendant defaulted on her mortgage obligations and that it complied with RPAPL 1304. In her answer, the defendant asserted several affirmative defenses, including that the plaintiff lacked standing and failed to serve a proper notice pursuant to RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendant moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated February 19, 2015, the Supreme Court granted the plaintiff's motion and denied the defendant's motion. In a second order, also dated February 19, 2015, the court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and appointed a referee to compute the amount due on the mortgage loan. The defendant appeals from these orders.

Where, as here, the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief (*see HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 983 [2015]; *HSBC Bank USA, N.A. v Calderon*, 115 AD3d 708, 709 [2014]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (*Wells Fargo Bank, N.A. v Gallagher*, 137 AD3d 898, 899 [2016]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-362 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 644-645 [2016]). Here, contrary to the defendant's contention, the plaintiff established, prima facie, that it had standing to commence this action. The plaintiff submitted proof in support of its motion demonstrating that the note was in its possession when it commenced this action. In opposition, the defendant failed to raise a triable issue of fact regarding the plaintiff's standing.

However, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the de-

fendant and for an order of reference. The plaintiff failed to show, prima facie, that RPAPL 1304 was inapplicable because the subject loan was not a "home loan" within the meaning of RPAPL 1304 (*see Flushing Sav. Bank v Latham*, 139 AD3d 663, 665 [2016]) or, alternatively, that the plaintiff strictly complied with the notice RPAPL 1304 required (*see CitiMortgage, Inc. v Pappas*, 147 AD3d 900, 902 [2017]).

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her. Although the applicability of RPAPL 1304 to the subject loan was in dispute, the defendant failed to submit evidence to show, prima facie, that the loan was a "home loan" within the meaning of RPAPL 1304 and, thus, subject to the statutory notice requirements (*see Citimortgage, Inc. v Simon*, 137 AD3d 1190, 1192 [2016]).

In light of the outstanding issues of fact regarding whether RPAPL 1304 was applicable to the loan in this case, neither the plaintiff nor the defendant was entitled to judgment as a matter of law (*see Tuthill Fin., a Ltd. Partnership v Candlin*, 129 AD3d 1375, 1376 [2015]; *see also Emigrant Mtge. Co., Inc. v Lifshitz*, 143 AD3d 755, 756 [2016]; *US Bank N.A. v Caronna*, 92 AD3d 865, 866 [2012]). Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.