U.S. Bank Trust, N.A. v Sadique (2019 NY Slip Op 09054)





U.S. Bank Trust, N.A. v Sadique


2019 NY Slip Op 09054


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-00936
 (Index No. 11173/09)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Iffat Ara Sadique, etc., et al., appellants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, Steven Amshen, and James Tierney of counsel), for appellants.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas and Dyzio J. Guzierowicz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 15, 2017. The order and judgment of foreclosure and sale, upon an order of the same court entered October 25, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute the amount due to the plaintiff, and denying that branch of the defendants' cross motion which was for summary judgment dismissing the complaint, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute the amount due to the plaintiff are denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the order entered October 25, 2016, is modified accordingly.
In June 2009, the plaintiff's predecessor in interest commenced this action to foreclose a mortgage, alleging that the defendants executed a note in the principal sum of $639,456.62 secured by a mortgage against the defendants' property. The defendants allegedly defaulted under the terms of the note by failing to remit the monthly payment due on or about April 29, 2009. The defendants interposed an answer asserting various affirmative defenses, including failure to comply with the 90-day notice requirement set forth in RPAPL 1304. The plaintiff was assigned the note and mortgage in June 2014 and was thereafter substituted for its predecessor in interest in this action.
The plaintiff moved, inter alia, for summary judgment on the complaint and to appoint a referee to compute the amount due to the plaintiff. The defendants cross-moved, inter alia, for summary judgment dismissing the complaint. In an order entered October 25, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied that branch of the defendants' cross motion. Thereafter, the court entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendants appeal.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95). Alternatively, the plaintiff bears the burden of establishing, prima facie, that RPAPL 1304 is inapplicable, as the loan is not subject to the notice requirements set forth in RPAPL 1304 (see US Bank N.A. v Richard, 151 AD3d 1001, 1003; Flushing Sav. Bank v Latham, 139 AD3d 663, 665).
Here, the plaintiff contends that the loan was not subject to the notice requirements of RPAPL 1304 in effect when this action was commenced because the loan was not a "home loan" as defined by that statute. However, the plaintiff failed to establish that the loan did not meet the statutory definition of "home loan." At the time this action was commenced, RPAPL 1304 provided, as relevant, that a 90-day preforeclosure notice was required with respect to "a high-cost home loan, as such term is defined in section six-l of the banking law, a subprime home loan or a non-traditional home loan" (former RPAPL 1304[1]; see L 2008, ch 472, § 2). The statute, as then in effect, defined a "home loan" as a mortgage loan in which "[t]he principal amount of the loan at origination did not exceed the conforming loan size that was in existence at the time of origination for a comparable dwelling as established by the federal national mortgage association" (former RPAPL 1304[5][b]; see L 2008, ch 472, § 2). Banking Law § 6-l(e) defines a "home loan" as, among other things, a mortgage loan in which "[t]he principal amount of the loan at origination does not exceed the conforming loan size limit (including any applicable special limit for jumbo mortgages) for a comparable dwelling as established from time to time by the federal national mortgage association."
In support of its motion, the plaintiff submitted evidence showing that, as per a chart of "Historical Conventional Loan Limits" purportedly published on a website of the Federal National Mortgage Association (hereinafter Fannie Mae), the conventional loan size limits for comparable dwellings was $359,650 for a single-unit dwelling, $460,400 for a two-unit dwelling, $556,500 for a three-unit dwelling, and $691,600 for a four-unit dwelling. However, the plaintiff submitted no evidence showing that these historical conventional loan limits constitute the definition of a "conforming" loan under former RPAPL 1304(5)(b). The plaintiff also submitted no evidence as to any Fannie Mae limits for "jumbo" mortgages as of the date of origination of the subject loan. Further, the plaintiff submitted no evidence as to whether the subject property is improved by a single-family or multi-family residence. Therefore, the plaintiff failed to show, prima facie, that the RPAPL 1304 90-day notice requirement was inapplicable because the loan was not a "home loan" (see former RPAPL 1304[5][b]; US Bank N.A. v Richard, 151 AD3d at 1002-1003; US Bank N.A. v Caronna, 92 AD3d 865).
RPAPL 1304 requires the 90-day notice to be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Citibank, N. A. v Conti-Scheurer, 172 AD3d 17, 20-21, quoting Bank of Am., N.A. v Bittle, 168 AD3d 656, 658 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by an individual with personal knowledge of that procedure. Consequently, the plaintiff failed to establish strict compliance with RPAPL 1304 (see Citibank, N.A. v Conti-Scheuer, 172 AD3d at 21; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050-1051). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute the amount due to the plaintiff.
The defendants did not set forth their prima facie entitlement to summary judgment dismissing the complaint. The defendants' mere denial of receipt of RPAPL 1304 notices was insufficient to establish their entitlement to such relief (see U. S. Bank N. A. v Cope, 175 AD3d 527; Citibank, N.A. v Conti-Scheuer, 172 AD3d at 23-24). The defendants also assert that the RPAPL 1304 notices that were purportedly sent were facially defective (see generally Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860). However, the plaintiff disputes the applicability of the RPAPL 1304 notice requirement, and the defendants submitted no evidence as to that matter. Consequently, the defendants were not entitled to summary judgment dismissing the complaint (see US Bank N.A. v Richard, 151 AD3d at 1003).
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court