U.S. Bank N.A. v Powell (2020 NY Slip Op 06167)





U.S. Bank N.A. v Powell


2020 NY Slip Op 06167


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2017-04921 
2017-04922
 (Index No. 16772/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Fredric A. Powell, et al., appellants, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellants.
Gross Polowy, LLC, Williamsville, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Fredric A. Powell and Robin Powell appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 31, 2017, and (2) an order of the same court entered February 3, 2017. The order entered January 31, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference. The order entered February 3, 2017, insofar as appealed from, granted the same relief as the order entered January 31, 2017, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order entered January 31, 2017, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Fredric A. Powell and Robin Powell and for an order of reference are denied, and so much of the order entered February 3, 2017, as granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from the order entered February 3, 2017, is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
In April 2004, the defendants Fredric A. Powell and Robin Powell (hereinafter together the defendants) executed a consolidated note in the sum of $260,000 in favor of nonparty Wells Fargo Home Mortgage, Inc., which was secured by a consolidated mortgage on real property located in East Meadow. The defendants also executed a consolidation, extension, and modification agreement (hereinafter CEMA), pursuant to which notes dated October 17, 2002, and April 2, 2004, were consolidated into a single lien and ultimately assigned to nonparty Wells Fargo Home Mortgage, Inc. By assignment of mortgage dated July 16, 2009, Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc., assigned the consolidated note and mortgage to the plaintiff.
In August 2009, the plaintiff commenced this action against the defendants, among others, to foreclose the consolidated mortgage. In September 2009, the defendants interposed an answer denying the material allegations of the complaint and asserting one affirmative defense, which alleged lack of personal jurisdiction. In July 2015, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference and the defendants opposed the motion. In two orders, one entered January 31, 2017, and one entered February 3, 2017, the Supreme Court, as relevant here, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and the February 3, 2017 order also appointed a referee to compute the amount due to the plaintiff. The defendants appeal.
The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by producing the consolidated note, the consolidated mortgage, and evidence of the default (see Wells Fargo Bank, N.A. v Dupass, 180 AD3d 846, 847; Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 837, citing CitiMortgage, Inc. v Guillermo, 143 AD3d 852). In opposition, the defendants contended, inter alia, that the plaintiff failed to establish its compliance with RPAPL 1304.
"'[P]roper service of [a] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d at 837, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864). Failure to comply with RPAPL 1304 is a defense that may be raised at any time (see Flagstar Bank, FSB v Jambelli, 140 AD3d 829; Citimortgage, Inc. v Espinal, 134 AD3d 876, 879; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 107). As such, the defendants' failure to raise the defense in their answer did not preclude them from asserting it for the first time in opposition to the plaintiff's motion for summary judgment (see Flagstar Bank, FSB v Jambelli, 140 AD3d at 830; Citimortgage, Inc. v Espinal, 134 AD3d at 879-880).
Contrary to the plaintiff's contention, it bears the burden of establishing, prima facie, that RPAPL 1304 is not applicable to this loan, on the ground that the loan was not subject to the notice requirements set forth in the version of RPAPL 1304 that existed in 2009 (see U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 985, citing US Bank N.A. v Richard, 151 AD3d 1001, 1003, and Flushing Sav. Bank v Latham, 139 AD3d 663, 665), or alternatively, that the plaintiff strictly complied with service provisions set forth in the statute (see U.S. Bank Trust, N.A. v Sadique, 178 AD3d at 986, citing Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21).
Here, the plaintiff failed to establish, prima facie, that it was not required to comply with RPAPL 1304 (see U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984). The plaintiff also failed to establish its compliance with the mailing requirements of the statute (see Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d at 837). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
The parties' remaining contentions are either without merit or academic in light of our determination.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court