■ VIVIAN STERN, Doing Business as THE JEWELER, Appellant, v THE CHARTER OAK FIRE INSURANCE COMPANY, Respondent, et al., Defendants. [872 NYS2d 618]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered May 6, 2008 in a breach of contract action. The order, inter alia, denied that part

of the motion of plaintiff for leave to renew her opposition to the motion of defendant The Charter Oak Fire Insurance Company to dismiss plaintiff's claim for consequential damages.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion of plaintiff for leave to renew her opposition to the motion of defendant The Charter Oak Fire Insurance Company and, upon renewal, denying the motion of that defendant and reinstating the claim for consequential damages and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that defendants breached the terms of the insurance policy issued to her by failing, inter alia, to pay certain claims for losses arising from an armed robbery at plaintiff's jewelry store. On a prior appeal, we affirmed an order that, inter alia, granted the motion of defendant The Charter Oak Fire Insurance Company (Charter Oak) to dismiss plaintiff's claim for consequential damages (*Stern v Charter Oak Fire Ins. Co.*, 38 AD3d 1288 [2007]). We cited, inter alia, *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.* (37 AD3d 1184 [2007]) in concluding that "[t]he insurance policy at issue expressly excludes coverage for the consequential damages claimed by plaintiff" (*Stern*, 38 AD3d 1288 [2007]).

Following our decision in the prior appeal, the Court of Appeals reversed the order in *Bi-Economy Mkt., Inc.*, concluding under circumstances similar to those present in this case that a contractual exclusion for consequential losses in the insurance policy issued to the plaintiff business did not bar its claim for consequential damages caused by the defendant insurer's alleged breach of the terms of the policy (*Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 194-196 [2008]; *see Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200, 203 [2008]).

While the instant action remained pending, plaintiff moved, inter alia, for leave to renew her opposition to Charter Oak's motion to dismiss her claim for consequential damages, based upon the decisions of the Court of Appeals in *Bi-Economy Mkt., Inc.* and *Panasia Estates, Inc.* Supreme Court erred in denying that part of plaintiff's motion for leave to renew with respect to consequential damages based upon the doctrine of law of the case and instead should have granted leave to renew and, upon renewal, denied Charter Oak's motion. "[A] court of original jurisdiction may entertain a motion to renew or [to] vacate a prior order or judgment even after an appellate court has rendered a decision on that order or judgment" (*Tishman Constr. Corp. of*

*N.Y. v City of New York*, 280 AD2d 374, 377 [2001]). Furthermore, we conclude that, because "the analysis employed by this [C]ourt in the prior appeal no longer reflects the current state of the law, the doctrine of law of the case should not be invoked to preclude reconsideration of" Charter Oak's motion to dismiss plaintiff's claim for compensatory damages (*Szajna v Rand*, 131 AD2d 840, 840 [1987]; *see Foley v Roche*, 86 AD2d 887 [1982], *lv denied* 56 NY2d 507 [1982]). We therefore modify the order accordingly. Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.