■ HSBC BANK USA, N.A., Appellant, v JUSTINE BETTS, Respondent, et al., Defendants. [888 NYS2d 203]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated April 23, 2008, which denied its application for leave to enter a default judgment against the defendant Justine Betts and for an order of reference, with leave to renew upon its presentation of an affidavit submitted either by an officer of the plaintiff, or of a person acting with a valid power of attorney from the plaintiff, with personal knowledge of the relevant facts constituting the claim, the default, and the amount due, an affidavit from Scott Anderson describing his employment history for the past three years, a proper assignment to the plaintiff of the subject consolidated mortgage and note, recorded in the Office of the City Register, Kings County, at CRFN 2005000535931, and an affidavit from an officer of the plaintiff explaining why it purchased a nonperforming loan from Delta Funding Corporation, and why it shares office space at Suite 100, 1661 Worthington Road, West Palm Beach, Florida, with Ocwen Federal Bank FSB, Mortgage Electronic Registration Systems, Inc., Deutsche Bank, and Goldman Sachs.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof conditioning the grant of leave to renew upon presentation by the plaintiff of an affidavit of Scott Anderson describing his employment history for the past three years, and of an affidavit from an officer of the plaintiff explaining why it purchased a nonperforming loan from Delta Funding Corporation, and why it shares office space at Suite 100, 1661 Worthington Road, West Palm Beach, Florida, with Ocwen Federal Bank FSB, Mortgage Electronic Registration Systems, Inc., Deutsche Bank, and Goldman Sachs; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court providently exercised its discretion in denying the plaintiff's application for leave to enter a default judgment against the defendant Justine Betts and for an order of reference. Where, as here, a foreclosure complaint is not verified, CPLR 3215 (f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit "made by the party." Here, the plaintiff submitted an "affidavit of merit" executed by the "foreclosure facilitator" of the plaintiff's purported "servicing agent." However, the record is barren of any evidence demonstrating that agent's authority to act on behalf of the plaintiff. Accordingly, the Supreme Court properly denied the plaintiff's application, with leave to renew upon presentation of an affidavit submitted either by an officer of the plaintiff, or of a person acting with a valid power of attorney from the plaintiff, with personal knowledge of the relevant facts constituting the claim, the default, and the amount due (*see Matone v Sycamore Realty Corp.*, 31 AD3d 721, 721-722 [2006]).

We agree with the plaintiff that the Supreme Court should not have conditioned leave to renew upon the presentation by the plaintiff of an affidavit from Scott Anderson describing his employment history for the past three years, and of an affidavit from an officer of the plaintiff explaining why it purchased a nonperforming loan from Delta Funding Corporation, and why it shares office space at Suite 100, 1661 Worthington Road, West Palm Beach, Florida, with Ocwen Federal Bank FSB, Mortgage Electronic Registration Systems, Inc., Deutsche Bank, and Goldman Sachs.

The plaintiff's remaining contentions are without merit. Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.