US Bank N.A. v Cusati (2020 NY Slip Op 03943)





US Bank N.A. v Cusati


2020 NY Slip Op 03943


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-00331
2019-01138
 (Index No. 66770/15)

[*1]US Bank National Association, respondent,
v
Edward J. Cusati, et al., appellants, et al., defendant.


Reich, Reich & Reich, P.C., White Plains, NY (Nicholas A. Pasalides of counsel), for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth Flickinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Edward J. Cusati and Judith Ann Cusati appeal from (1) a decision of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated October 30, 2017, and (2) a judgment of foreclosure and sale of the same court entered January 9, 2019. The judgment of foreclosure and sale, upon the decision, made after a nonjury trial, inter alia, confirmed the report of the referee, and directed the sale of the subject premises.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Const. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, and the complaint insofar as asserted against the defendants Edward J. Cusati and Judith Ann Cusati is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Edward J. Cusati and Judith Ann Cusati.
On January 28, 2009, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Edward J. Cusati and Judith Ann Cusati (hereinafter together the defendants). The defendants interposed an answer in which they asserted as an affirmative defense that the plaintiff lacked standing. In December 2014, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated May 7, 2015, the Supreme Court denied those branches of the plaintiff's motion, with leave to renew, determining that the plaintiff failed to demonstrate that it had physical possession of the note prior to commencement of the action. A note of issue was filed on January 8, 2016. In March 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated May 19, 2017, the court, among other things, denied those branches of the plaintiff's motion, determining, inter alia, that there was an issue of fact as to whether the plaintiff had standing at the [*2]time the action was commenced. On August 28, 2017, a nonjury trial was held on the issue of standing.
At trial, the plaintiff submitted the testimony of Albert Smith, Jr., a mortgage banking research officer for J.P. Morgan Chase Bank, N.A. (hereinafter Chase). Smith testified that Chase was servicing the loan at issue when the instant action was commenced. He relied on a Default Document and Exception Report (hereinafter DDER), a Chase business record, which was admitted into evidence over the defendants' objection. The DDER indicated that Chase took physical possession of the note on February 8, 2007.
Smith further testified that Chase had power of attorney for the plaintiff. Smith relied on a power of attorney document between Chase and the plaintiff, which was admitted into evidence. The power of attorney document was dated May 3, 2013—over four years after the instant action was commenced.
In a decision dated October 30, 2017, the Supreme Court determined that the plaintiff had established standing. The defendants appeal from the decision.
In a judgment of foreclosure and sale entered January 9, 2019, the Supreme Court, inter alia, confirmed the report of the referee, and directed the sale of the subject premises. The defendants appeal from the judgment of foreclosure and sale.
Initially, the appeal from the decision must be dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Const. Corp., 100 AD2d 509).
We disagree with the Supreme Court's determination that the plaintiff established standing. "In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses" (Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 855).
A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Here, the plaintiff established that Chase had possession of the note at issue at the time this action was commenced. However, the plaintiff failed to establish that Chase had the authority to act on its behalf at that time (see HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736; cf. Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898; Deutsche Bank Natl. Trust Co. v Rudman, 170 AD3d 950, 952). Thus, the Supreme Court's finding that the plaintiff had standing was not warranted by the facts.
In light of our determination, we need not reach the defendants' remaining contention.
Accordingly, the Supreme Court should have dismissed the complaint insofar as asserted against the defendants.
SCHEINKMAN, P.J., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court