Spodek v Neiss (2021 NY Slip Op 07271)





Spodek v Neiss


2021 NY Slip Op 07271


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2017-04759 
2017-07100
2017-07111
2017-07112
2017-07114
 (Index No. 32644/96)

[*1]Andrew H. Spodek, etc., et al., respondents-appellants, et al., plaintiff, 
v
Charles Neiss, etc., et al., appellants-respondents, Moses Fried, et al., respondents, et al., defendants.


Robert C. Hiltzik, Jericho, NY (James Lattmann of counsel), for appellants-respondents.
Jaspan Schlesinger, LLP, Garden City, NY (Daniel E. Shapiro and Steven R. Schlesinger of counsel), for respondents-appellants.
Daniel S. Perlman, New York, NY (Michael P. Lagnado of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Charles Neiss, Fay Neiss, Devorah Rubin, Jacob Neiss, Brenda Garcia, Neiss Management Corp., Berta Management Corp., 80 Clarkson Realty Corp., Premium 600 Realty Corp., Robinson 1601 Realty Corp., 789 St. Marks Realty Corp., North 751 Realty Corp., 751 St. Marks, LLC, 985 Ocean Ave., LLC, and the Neiss Family Trust appeal from five judgments of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), all dated March 28, 2017, and the plaintiffs Andrew H. Spodek and Rosalind Spodek cross-appeal from the first judgment dated March 28, 2017. The first judgment, insofar as appealed from, upon two decisions of the same court dated October 4, 2016, and January 25, 2017, made after a nonjury trial, is in favor of the plaintiff Andrew H. Spodek and against the defendants Charles Neiss, Fay Neiss, Devorah Rubin, Jacob Neiss, Neiss Management Corp., Berta Management Corp., 80 Clarkson Realty Corp., Premium 600 Realty Corp., Robinson 1601 Realty Corp., 789 St. Marks Realty Corp., North 751 Realty Corp., 751 St. Marks, LLC, 985 Ocean Ave., LLC, and the Neiss Family Trust in the principal sum of $14,333,639.10, and is in favor of the defendants Moses Fried and Bernice Fried and against the defendants Charles Neiss, Fay Neiss, Devorah Rubin, Jacob Neiss, Neiss Management Corp., Berta Management Corp., 80 Clarkson Realty Corp., Premium 600 Realty Corp., Robinson 1601 Realty Corp., 789 St. Marks Realty Corp., North 751 Realty Corp., 751 St. Marks, LLC, 985 Ocean Ave., LLC, and the Neiss Family Trust, in the principal sum of $2,529,828.84, and declared that the plaintiff Andrew H. Spodek is the 100% shareholder of North 751 Realty Corp., a 33.33% shareholder of 789 St. Marks Realty Corp., a 50% shareholder of Robinson 1601 Realty Corp., and a 50% shareholder of Premium 600 Realty Corp., that the defendant Moses Fried is a 33.33% shareholder of 789 St. Marks Realty Corp., and that the [*2]Estate of Bencion Neiss is a 33.33% shareholder of 789 St. Marks Realty Corp., a 50% shareholder of Robinson 1601 Realty Corp., and a 50% shareholder of Premium 600 Realty Corp. The first judgment, insofar as cross-appealed from, awarded prejudgment interest in favor of the plaintiff Andrew H. Spodek at a rate of only 1.5% and declared that the plaintiff Andrew H. Spodek has no interest in the property located at 80 Clarkson Avenue in Brooklyn. The second judgment, insofar as appealed from, upon the same decisions, declared that fee title to the property located at 985 Ocean Avenue in Brooklyn is held by North 751 Realty Corp., as set forth in a deed dated March 4, 1991; declared null and void a deed dated December 2, 1994, which purported to transfer the property located at 985 Ocean Avenue in Brooklyn from North 751 Realty Corp. to 985 Ocean Avenue, LLC; and declared that the plaintiff Andrew H. Spodek is the 100% shareholder of North 751 Realty Corp. The third judgment, insofar as appealed from, upon the same decisions, declared that fee title to the property located at 400 East 21st Street in Brooklyn is held by North 751 Realty Corp. as set forth in a deed dated March 4, 1991, and declared that the plaintiff Andrew H. Spodek is the 100% shareholder of North 751 Realty Corp. The fourth judgment, insofar as appealed from, upon the same decisions, declared null and void a certain deed which purported to transfer property located at 751 St. Marks Avenue in Brooklyn from North 751 Realty Corp. to 751 St. Marks Ave., LLC, and declared that the plaintiff Andrew H. Spodek is the 100% shareholder of North 751 Realty Corp. The fifth judgment, insofar as appealed from, upon the same decisions, declared that fee title to the property located at 789 St. Marks Avenue in Brooklyn is held by 789 St. Marks Realty Corp., as set forth in a deed dated December 10, 1990, and declared that the plaintiff Andrew H. Spodek, the defendant Moses Fried, and the Estate of Bencion Neiss are each equal 33.33% shareholders of 789 St. Marks Realty Corp.
ORDERED that the first judgment dated March 28, 2017, is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that the second, third, fourth, and fifth judgments dated March 28, 2017, are affirmed insofar as appealed from; and it is further,
ORDERED that the plaintiffs Andrew H. Spodek and Rosalind Spodek and the defendants Moses Fried and Bernice Fried are awarded one bill of costs, payable by the defendants Charles Neiss, Fay Neiss, Devorah Rubin, Jacob Neiss, Brenda Garcia, Neiss Management Corp., Berta Management Corp., 80 Clarkson Realty Corp., Premium 600 Realty Corp., Robinson 1601 Realty Corp., 789 St. Marks Realty Corp., North 751 Realty Corp., 751 St. Marks, LLC, 985 Ocean Ave., LLC, and the Neiss Family Trust.
This action was commenced in 1996, among other things, to resolve the ownership and rights to distribution of the rental income of seven apartment buildings located in Brooklyn (hereinafter collectively the Brooklyn properties): 600 East 18th Street (hereinafter the 600 property), 1601 Beverly Road (hereinafter the 1601 property), 751 St. Marks Avenue (hereinafter the 751 property), 985 Ocean Avenue (hereinafter the 985 property), 400 East 21st Street (hereinafter the 400 property), 789 St. Marks Avenue (hereinafter the 789 property), and 80 Clarkson Avenue (hereinafter the 80 Clarkson property).
The subject apartment buildings were originally owned by J. Leonard Spodek (hereinafter L. Spodek), either individually or jointly with family members. L. Spodek was a plaintiff in this action until, upon his death, he was substituted by his estate representative, the plaintiff Andrew H. Spodek. By the early 1990s, L. Spodek had been ordered by the courts to divest himself of management and responsibility for the properties because of a number of serious health and safety violations that had plagued the properties for some time. In an effort to appear to comply with these court directives, L. Spodek entered into a series of transactions with Bencion Neiss (hereinafter B. Neiss), who was a defendant in this action until, following his death, he was substituted by his estate representative, the defendant Charles Neiss, who was also involved in Brooklyn real estate. These transactions consisted, in essence, of various agreements pursuant to which L. Spodek transferred title to the Brooklyn properties to several real estate holding corporations, in which he and B. Neiss each had an interest. As a result of these transactions, the [*3]defendant 789 St. Marks Realty Corp. (hereinafter 789 Corp.) took title to the 789 property on December 3, 1990; the defendant Robinson 1601 Realty Corp. (hereinafter 1601 Corp.) took title to the 1601 property on July 12, 1990; the defendant Premium 600 Realty Corp. (hereinafter Premium 600 Corp.) took title to the 600 property on July 12, 1990; the defendant North 751 Realty Corp. (hereinafter N. 751 Corp.) took title to the 751 property, the 985 property, and the 400 property on March 4, 1991; and the defendant 80 Clarkson Realty Corp. (hereinafter 80 Clarkson Corp.) took title to the 80 Clarkson property on June 12, 1991.
B. Neiss agreed to provide financing and management of the properties and, with respect to some of the properties, to attempt to resolve real estate tax arrears issues and pending foreclosure proceedings. In exchange, L. Spodek purported to transfer his stock in these companies to B. Neiss. The agreements provided that L. Spodek was entitled to redeem his stock in the companies until a certain date, under certain payment conditions. A similar arrangement, which involved the defendant Moses Fried (hereinafter M. Fried), was entered into with respect to 789 Corp. M. Fried, along with L. Spodek and B. Neiss, each owned an equal one-third interest of the corporation's stock. M. Fried transferred his shares to B. Neiss with a right to redeem his shares by a certain date, under certain payment conditions.
The plaintiffs commenced this action against, among others, the defendants Charles Neiss, individually and as Executor of the Estate of B. Neiss, Fay Neiss, Devorah Rubin, Jacob Neiss, Brenda Garcia, Neiss Management Corp., Berta Management Corp., 80 Clarkson Corp., Premium 600 Corp., 1601 Corp., 789 Corp., N. 751 Corp., 751 St. Marks, LLC, 985 Ocean Ave., LLC, and the Neiss Family Trust (hereinafter collectively the Neiss defendants), and Moses Fried and Bernice Fried (hereinafter together the Fried defendants), alleging that, during the time that B. Neiss controlled the Brooklyn properties, he wrongly withheld rental income due to L. Spodek, in an amount that exceeded what L. Spodek was required to pay B. Neiss in order for L. Spodek to exercise his redemption rights, and, consequently, L. Spodek maintained an ownership interest in the properties. The Fried defendants were represented by the same counsel as the Neiss defendants for several years. In their second amended answer, however, the Fried defendants asserted cross claims against the Neiss defendants, seeking relief against them with respect to 789 Corp. and the 789 property similar to the relief sought by the plaintiffs. In an order entered April 5, 2011, the Supreme Court granted the Neiss defendants' motion pursuant to CPLR 3211(a) to dismiss the Fried defendants' cross claims insofar as asserted against them on the ground that they were time-barred.
A lengthy nonjury trial was held between April 2013 and June 2016. Following the testimony of the attorney who had simultaneously represented both the Neiss defendants and the Fried defendants, the Fried defendants sought leave to renew their opposition to the Neiss defendants' motion to dismiss the Fried defendants' cross claims insofar as asserted against them on statute of limitations grounds, which, as mentioned, had been granted by the Supreme Court in 2011. In essence, the Fried defendants contended that the lawyer's testimony established that he had, at the direction of Charles Neiss, allowed the limitations period governing any claims the Fried defendants might have pursued against the Neiss defendants to run, and then moved to dismiss those claims as time-barred once the Fried defendants obtained their own counsel. The court granted the Fried defendants leave to renew and, upon renewal, vacated the determination in the prior order granting the Neiss defendants' motion to dismiss the Fried defendants' cross claims insofar as asserted against them as time-barred, and thereupon denied the Neiss defendants' motion.
Before the close of trial, the parties agreed to resolve the issue of damages by a stipulation that was so-ordered by the Supreme Court. Pursuant to this stipulation, it was agreed that, if L. Spodek and/or M. Fried were found to be a shareholder for any of the subject corporations, they would receive a monetary award equal to their percentage share of an amount determined by a mathematical formula set by the parties.
In a decision after trial dated October 4, 2016, the Supreme Court ruled in favor of the plaintiffs with respect to the 789, 751, 985, and 400 properties, determining that the various agreements related to those properties constituted equitable mortgages, that L. Spodek's interest in the corporations' stock or the properties was never extinguished by a foreclosure sale, and, therefore, [*4]L. Spodek maintained a right of redemption. The court made the same determination on the Fried defendants' cross claims related to the 789 property. The court further concluded that L. Spodek maintained a 50% interest in the 600 and 1601 properties. The court reached a different conclusion, however, with respect to the 80 Clarkson property, determining that L. Spodek had no interest in that property and, therefore, his estate was not entitled to damages related thereto.
In a separate decision dated January 25, 2017, the Supreme Court, noting the equitable nature of the relief granted, along with L. Spodek's own misconduct which was revealed at trial, as well as the historically low interest rates during much of the relevant time period, determined that L. Spodek would be awarded prejudgment interest at the rate of 1.5% pursuant to CPLR 5001(a).
The Neiss defendants appeal from the five judgments, contending, among other things, that the Supreme Court should not have, upon renewal, denied their motion to dismiss the Fried defendants' cross claims insofar as asserted against them. The plaintiffs cross-appeal to the extent the court ruled against them with respect to 80 Clarkson Corp. and the 80 Clarkson property, and awarded prejudgment interest at the rate of only 1.5%, instead of the statutory rate of 9% under CPLR 5004.
Contrary to the Neiss defendants' contention, the Supreme Court did not violate the law of the case doctrine when it, upon renewal, denied their motion to dismiss the Fried defendants' cross claims insofar as asserted against them, because, among other reasons, the law of the case doctrine does not prevent a proper motion for leave to renew under CPLR 2221 (see Matter of Quattrone v Erie 2-Chautauqua Cattaraugus Bd. of Coop. Educ. Servs., 148 AD3d 1553, 1554; Stern v Charter Oak Fire Ins. Co., 59 AD3d 930, 931-932; Ferguson v Shu Ham Lam, 59 AD3d 388, 389). Moreover, the doctrine is not binding on an appellate court (see White Plains Plaza Realty, LLC v Town Sports Intl., LLC, 79 AD3d 1025, 1027). The court correctly, upon renewal, denied the Neiss defendants' motion in light of the newly discovered facts elicited at trial, particularly the trial testimony of the attorney who had simultaneously represented the Neiss defendants and the Fried defendants, which supported the court's conclusion, in effect, that the Neiss defendants should be equitably estopped from invoking the statute of limitations defense with respect to the Fried defendants' cross claims (see Zumpano v Quinn, 6 NY3d 666, 673-674; Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691).
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses" (US Bank N.A. v Cusati, 185 AD3d 870, 872 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 855). Applying this standard of review here, we discern no basis to disturb the Supreme Court's determinations made in favor of the plaintiffs and the Fried defendants and against the Neiss defendants, given the extensive documentary evidence and testimony presented at this lengthy trial.
Although the Supreme Court characterized the transactions in issue as equitable mortgages, since the agreements involved shares of stock in corporations which in turn owned the properties, the agreements are more properly characterized as stock pledge agreements (see Matthews v Sheehan, 69 NY 585; Matter of Szelega v Farega Realty Corp., 97 AD2d 874). Based upon the trial evidence, the court properly concluded that the plaintiffs' right to redeem their shares in N. 751 Corp., 789 Corp., 1601 Corp., and Premium 600 Corp., was not waived or otherwise foreclosed, and properly determined the plaintiffs' interests in those corporations, and the properties which were or had been owned by those corporations and therefore subject to an equitable lien for the payment of the debts of the corporations (see Trotter v Lisman, 209 NY 174, 179; Rosado v Edmundo Castillo Inc., 148 AD3d 498, 499). Moreover, the court's determination in favor of the Neiss defendants and against the plaintiffs with respect to 80 Clarkson Corp. and the 80 Clarkson property, was likewise supported by the trial evidence.
The Supreme Court's award of prejudgment interest at the rate of 1.5% was a provident exercise of discretion in light of the equitable nature of the relief granted to the plaintiffs and the unique circumstances presented at trial (see CPLR 5001[a]; Nationstar Mtge., LLC v Francis, 185 AD3d 701, 702; Honua Fifth Ave. LLC v 400 Fifth Realty LLC, 111 AD3d 579, 580; Donati v Marinelli Constr. Corp., 247 AD2d 423, 425).
The parties' remaining contentions are without merit.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court