Citibank, N.A. v Herman (2023 NY Slip Op 01775)

Citibank, N.A. v Herman

2023 NY Slip Op 01775

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2020-03573
 (Index No. 608313/15)

[*1]Citibank, N.A., etc., respondent, 
v
Barbara Herman, appellant, et al., defendants.

Abrams Fensterman, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth J. Flickinger of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Barbara Herman appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated February 25, 2020. The order, insofar as appealed from, granted the plaintiff's renewed motion for summary judgment on the complaint insofar as asserted against the defendant Barbara Herman and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's renewed motion for summary judgment on the complaint insofar as asserted against the defendant Barbara Herman and for an order of reference is denied, and an order of the same court, also dated February 25, 2020, is vacated to the extent indicated herein.
As is relevant to this appeal, in July 2015, the plaintiff commenced this action against the defendant Barbara Herman (hereinafter the defendant), among others, to foreclose a mortgage on certain residential property located in Patchogue. The defendant interposed an answer in which she asserted various affirmative defenses, including failure to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her, among other things, for failure to comply with RPAPL 1304. In an order dated May 15, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, with leave to renew.
In July 2019, the plaintiff renewed those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the renewed motion. In an order dated February 25, 2020 (hereinafter the first order), the Supreme Court granted the plaintiff's renewed motion for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The court issued a separate order also dated February 25, 2020 (hereinafter the second order), granting the same relief to the plaintiff and referring the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals from the first order.
The Supreme Court should have denied the plaintiff's renewed motion for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The plaintiff failed to establish, prima facie, the defendant's default in payment. In support of its original motion for summary judgment, the plaintiff submitted an affidavit from Sherry Benight, an employee of Select Portfolio Servicing, Inc. (hereinafter SPS), as "attorney-in-fact for [the] plaintiff," along with a limited power of attorney executed by Wilmington Trust, National Association (hereinafter Wilmington), as "successor trustee to [the plaintiff]," authorizing SPS to act on behalf of Wilmington with respect to mortgage loans in the trust. However, a power of attorney executed by the plaintiff authorizing SPS to act on the plaintiff's behalf rather than its successor was not annexed to Benight's affidavit, submitted on behalf of SPS as "attorney-in-fact for plaintiff." Thus, the plaintiff failed to establish that SPS had authority to act on the plaintiff's behalf or that the documents annexed to Benight's affidavit constituted business records of the plaintiff or its authorized agent (see US Bank N.A. v Cusati, 185 AD3d 870, 872; HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736). A second affidavit from Benight, which the plaintiff submitted in support of its renewed motion, failed to cure this issue, as the second affidavit was also not submitted with a power of attorney authorizing SPS to act on behalf of the plaintiff (see US Bank N.A. v Cusati, 185 AD3d at 872; HSBC Bank USA, N.A. v Betts, 67 AD3d at 736).
The plaintiff also failed to establish, prima facie, that it complied with RPAPL 1304, as it attempted to establish its compliance with RPAPL 1304 by means of documents annexed to Benight's first affidavit (see US Bank N.A. v Cusati, 185 AD3d at 872; HSBC Bank USA, N.A. v Betts, 67 AD3d at 736). For the same reasons as above, that affidavit failed to show that the annexed documents constituted business records of the plaintiff or its authorized agent.
The defendant's remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court