Dawson v Holmon (2024 NY Slip Op 50669(U))

[*1]

Dawson v Holmon

2024 NY Slip Op 50669(U)

Decided on June 5, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2024
Supreme Court, Kings County

John Dawson, Plaintiff,

against
Victoria Dominique Holmon & Jane Doe, Defendants.

Index No. 537758/2022

Attorney for Plaintiff
Law Offices of Zemsky & Salomon P.C.
By: Michael Lawrence Salomon
33 Front St Ste 207
Hempstead, NY 11550
(516) 485-3800

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion of plaintiff John Dawson (hereinafter plaintiff) filed on February 7, 2024, under motion sequence two, for an order pursuant to CPLR 3215 awarding a default judgment and setting forth this matter down for an inquest against defendants, Victoria Dominique Holmon, and Jane Doe (hereinafter defendants). This motion is unopposed.
Notice of Motion
Affidavit or Affirmation in Support
Exhibits 1 to 5
Affirmation or Affidavit of Service
BACKGROUND
On December 27, 2022, the plaintiff commenced the instant action arising out of a motor vehicle accident, seeking damages for personal injuries, among other things, by filing a summons and complaint (hereinafter commencement papers) with the Kings County Clerk's office (hereinafter KCCO). The complaint alleges twenty (20) allegations of facts in support of one cause of action.
The commencement papers allege the following salient facts. The plaintiff is resident of the county of Kings, State of New York and on the date of the accident was a pedestrian on a public throughfare known as Flatbush Avenue near its intersection with Seventh avenue, County of Kings, State of New York. The defendant, Victoria Dominique, is a resident of the State of Pennsylvania and owner of a motor vehicle bearing license plate number LDA8656. The [*2]defendant, Jane Doe, is a resident of the County of Kings, State of New York and allegedly the driver of the motor vehicle owned by Victoria Dominique the day of the accident.
On or about January 15, 2020, at approximately 12:30 a.m. near Flatbush Avenue and its intersection with 7th Avenue, the motor vehicle owned by defendant, Victoria Dominique Holmon, and operated by defendant, Jane Doe, came into contact and collided with the body of the plaintiff, a pedestrian. The injuries resulting from the accident were caused by carelessness, negligence, and recklessness of the defendants in failing to obey a red light traffic signal at the intersection, and in failing to yield the right of way to a pedestrian who was in a marked crosswalk, among other things. As a result, plaintiff sustained serious injuries defined under section 5102 (d) of the Insurance Law of the State of New York or economic loss greater than basic economic loss as set forth in 5102 (a), (2), (3), and (4) of the Insurance Law. Plaintiff is a "covered person" as defined in 5102 (j) of the Insurance Law.
MOTION PAPERS
Plaintiff's motion papers consist of a notice of motion, an affidavit or affirmation in support, an affirmation or affidavit of service, and exhibits one through five. Exhibit one is a filing described as "phot and police report" which contains five images. Exhibit two is a copy of the Philadelphia Department of Transportation Report dated June 2, 2020. Exhibit three is a letter from Safe Auto Insurance dated July 23, 2020, to plaintiff's counsel acknowledging receipt of the notice of claim. Exhibit four contains a copy of the summons and complaint, an affidavit of service pursuant to Vehicle and Traffic Law § 253/254 dated January 12, 2023, affidavit of service dated January 17, 2023, with a copy of the certified mail receipt, an affidavit of service by mail with a copy of a certificate of mailing. Exhibit five is a copy of the affidavit of merit by the plaintiff in support of the motion.
LAW AND APPLICATION
In the instant motion, the plaintiff seeks leave to enter a default judgment against Victoria Dominique Holmon and Jane Doe, pursuant to CPLR 3215. 
CPLR 3215 provides in pertinent part as follows:
"(a) Default and entry. When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him...
(f) Proof. On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party ... Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney."
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (CPLR 3215 [f], citing Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651 [2d Dept 2011]); CPLR 3215 (f) states specifically, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim are to be set forth in an affidavit made by the party (HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736 [2d Dept 2009]).
Victoria Dominique Holmon
Here, the plaintiff attempted to serve the commencement papers on the defendant, [*3]Victoria Dominique Holmon, pursuant to Vehicle and Traffic Law § 253 which sets forth the requirements of proper service of process of the summons for claims related to motor vehicle accidents where the defendant is an out-of-state resident. In this case, the defendant, Victoria Dominique Holmon, is an out of state resident, as she resides in Pennsylvania. Therefore, service must comply with Vehicle and Traffic Law § 253 (2).
Vehicle and Traffic Law § 253 (2) provides the following:
"A summons in an action described in this section may issue in any court in the state having jurisdiction of the subject matter and be served as hereinafter provided. Service of such summons shall be made by mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of ten dollars, and such service shall be sufficient service upon such non-resident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by certified mail or registered mail with return receipt requested. The plaintiff shall file with the clerk of the court in which the action is pending, or with the judge or justice of such court in case there be no clerk, an affidavit of compliance herewith, a copy of the summons and complaint, and either a return receipt purporting to be signed by the defendant or a person qualified to receive his certified mail or registered mail, in accordance with the rules and customs of the post-office department."
Vehicle and Traffic Law § 253 sets forth that service through the Secretary of State may be done by mailing a copy or personally delivering a copy of the summons to the secretary of state and such service may be deemed sufficient provided that (1) a copy of the affidavit of service via secretary of state together with the summons are sent by or on behalf of the plaintiff to the defendant via certified mail or registered mail with return receipt requested (2) plaintiff files an affidavit of compliance, a copy of summons and a copy of the return receipt purporting to be signed by defendant or person qualified to receive his certified mail or register mail.
In support of the motion, the plaintiff submitted an affidavit of service pursuant to Vehicle and Traffic Law § 253 that states that on January 6, 2023, plaintiff served the commencement papers on the defendant, Victoria Dominique Holmon, via secretary of state. Plaintiff also filed an affidavit of service that states that on January 13, 2023, the defendant, Victoria Dominique Holmon, was served a copy of the summons and complaint, electronic filing notice, index number and date filed by certified mail return receipt requested. The affidavit of service dated January 13, 2023, contains a copy of an unsigned certified mail receipt. Further, the plaintiff filed an affidavit of service by mail that states that on February 9, 2023, the defendant, Victoria Dominique Holmon, was served a copy of the summons and complaint, electronic filing notice, index number and date filed by regular mail with certificate of mailing attached to the filing.
Pursuant to Vehicle and Traffic Law § 253 a copy of the affidavit of service via secretary of state together with the summons are to be sent to the defendant by certified mail or registered mail with return receipt requested. Here, the Plaintiff's affidavit of service dated January 13, and February 9, 2023, does not indicate that the affidavit of service via secretary of state was included in the mailing. Additionally, the affidavit of service via certified mail return receipt requested dated January 13, 2023, contains no signature of the recipient to show that the mailing was ever received. Therefore, the affidavit of service by certified mail return receipt requested dated January 13, 2023, fails to comply with the requirements under Vehicle and Traffic Law § [*4]253.
Further, pursuant to Vehicle and Traffic Law § 253, plaintiff must file an affidavit of compliance, a copy of the summons, and a copy of the return receipt purporting to be signed by defendant or person qualified to receive his certified mail or registered mail. Here, the plaintiff did not file an affidavit of compliance and a copy of the return receipt purporting to be signed by the defendant or person qualified to receive his certified mail or registered mail. Therefore, the plaintiff did not comply with comply with the requirements under Vehicle and Traffic Law § 253.
Consequently, the Court did not obtain personal jurisdiction over defendant, Victoria Dominique Holmon. Therefore, the motion seeking a default judgment against this defendant, pursuant to 3215 is denied without prejudice.
Jane Doe
Contrary to the requirements of CPLR 2214, the plaintiff offered no law, facts, or argument in support of the branch of the motion seeking a default judgment against defendant, Jane Doe, pursuant to CPLR 3215 (See Abizadeh v Abizadeh, 159 AD3d 856, 857, [2d Dept 2018]). Therefore, the motion seeking a default judgment against this defendant is denied without prejudice.
CONCLUSION
The notice of motion by plaintiff filed on February 7, 2024, under motion sequence two, for an order pursuant to CPLR 3215 awarding a default judgment and setting forth this matter down for an inquest against defendant, Victoria Dominique Holmon, is denied without prejudice, for failure to comply with Vehicle and Traffic Law § 253.
The notice of motion by plaintiff filed on February 7, 2024, under motion sequence two, for an order pursuant to CPLR 3215 awarding a default judgment and setting forth this matter down for an inquest against defendant, Jane Doe, is denied without prejudice for failure to comply with the requirements under CPLR 2214.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.