Surya Capital 11 N. Elliot Place Holdings, LLC v Royal Gardens 641, LLC

2026 NY Slip Op 02863

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Surya Capital 11 N. Elliot Place Holdings, LLC, respondent,

v

Royal Gardens 641, LLC, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-13004, (Index No. 515182/18)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Phillip Hom

Elena Goldberg Velazquez, JJ.

New York Litigation Group, PLLC, Rochester, NY (Austin T. Shufelt of counsel), for appellant.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Royal Gardens 641, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 24, 2023. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court (David B. Vaughan, J.) dated July 24, 2019, inter alia, denying those branches of the cross-motion of the defendant Royal Gardens 641, LLC, which were for leave to amend its answer to assert a statute of limitations defense and for summary judgment dismissing the complaint insofar as asserted against it, upon an order of the same court (Lawrence Knipel, J.) dated February 5, 2020, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Royal Gardens 641, LLC, and upon an order of the same court (Lawrence Knipel, J.) dated October 24, 2023, inter alia, granting that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and denying the cross-motion of the defendant Royal Gardens 641, LLC, for leave to renew those branches of its prior cross-motion which were for leave to amend its answer to assert a statute of limitations defense and for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and directed the sale of the subject property.

ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, the cross-motion of the defendant Royal Gardens 641, LLC, for leave to renew those branches of its prior cross-motion which were for leave to amend its answer to assert a statute of limitations defense and for summary judgment dismissing the complaint insofar as asserted against it is granted, upon renewal, so much of the order dated July 24, 2019, as denied those branches of the prior cross-motion is vacated, and thereupon, those branches of the prior cross-motion are granted, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Royal Gardens 641, LLC, is denied, that branch of the plaintiff's motion which was for a judgment of foreclosure and sale is denied, and the orders dated February 5, 2020, and October 24, 2023, are modified accordingly.

In July 2018, the plaintiff commenced this action against, among others, the defendant Royal Gardens 641, LLC (hereinafter the defendant), to foreclose a mortgage on certain real property located in Brooklyn. The defendant served an amended answer that included an affirmative defense alleging that the action was time-barred, but the plaintiff rejected the amended answer as untimely.

The plaintiff moved for an order of reference. The defendant opposed the motion and cross-moved, inter alia, for leave to amend its answer to assert a statute of limitations defense and for summary judgment dismissing the complaint insofar as asserted against it as time-barred. The defendant submitted, among other things, evidence that a prior action was commenced by a different plaintiff in September 2011 to foreclose the same mortgage (hereinafter the 2011 foreclosure action), that the plaintiff in the 2011 foreclosure action elected to call due the entire amount secured by the mortgage, and that the 2011 foreclosure action was dismissed as abandoned pursuant to CPLR 3215(c). In opposition to the cross-motion, the plaintiff contended that this action was commenced within six months of the dismissal of the 2011 foreclosure action and, therefore, was timely under the savings provision of CPLR 205(a). In an order dated July 24, 2019, the Supreme Court, inter alia, denied the plaintiff's motion, determined that this action was timely commenced, and denied those branches of the defendant's cross-motion which were for leave to amend its answer to assert a statute of limitations defense and for summary judgment dismissing the complaint insofar as asserted against it as time-barred.

In October 2019, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion. In an order dated February 5, 2020, the Supreme Court, inter alia, granted that branch of the plaintiff's motion.

In May 2023, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved for leave to renew those branches of its prior cross-motion which were for leave to amend its answer to assert a statute of limitations defense and for summary judgment dismissing the complaint insofar as asserted against it as time-barred. The defendant contended, among other things, that under the Foreclosure Abuse Prevention Act (FAPA), the savings provision of CPLR 205-a was not available where the prior action was dismissed pursuant to CPLR 3215. In an order dated October 24, 2023, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and denied the defendant's cross-motion. As to the cross-motion, the court found that the order dated July 24, 2019, was the law of the case. In an order and judgment of foreclosure and sale also dated October 24, 2023, the court, among other things, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and directed the sale of the subject property. The defendant appeals.

The Supreme Court erred in denying the defendant's cross-motion for leave to renew the subject branches of its prior cross-motion on the ground that the order dated July 24, 2019, constituted the law of the case. "[T]he law of the case doctrine does not prevent a proper motion for leave to renew under CPLR 2221" (Spodek v Neiss, 200 AD3d 952, 957).

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). "Therefore, a motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (JPMorgan Chase Bank, N.A. v. Eze, 232 AD3d 865, 866 [alteration and internal quotation marks omitted]).

An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "When a mortgage is payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due" (FV-1, Inc. v Palaguachi, 234 AD3d 818, 820-821). "However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Collins v Bank of N.Y. Mellon, 227 AD3d 948, 950 [internal quotation marks omitted]).

Here, the defendant demonstrated, prima facie, that the six-year statute of limitations [*2]began to run on the entire mortgage debt in September 2011, when the plaintiff in the 2011 foreclosure action elected in the complaint in that action to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Vista Holding, LLC, 239 AD3d 830, 832). The defendant further established that this action was commenced in July 2018, more than six years later, and is, therefore, time-barred (see id.; U.S. Bank N.A. v Onuoha, 216 AD3d 1069, 1072). In opposition, the plaintiff relied upon the savings provision of CPLR 205(a).

Under certain circumstances, CPLR 205(a) permits a plaintiff to commence a new action within six months after the termination of a previous timely commenced action, even though the new action would otherwise be time-barred. The savings provision is not available if, among other possibilities, the prior action was dismissed for neglect to prosecute (see id.). Prior to FAPA, this Court generally held that a dismissal pursuant to CPLR 3215(c) was not a dismissal for neglect to prosecute within the meaning of CPLR 205(a) (see Wells Fargo Bank N.A. v Kehres, 199 AD3d 869, 871; HSBC Bank USA, N.A. v Janvier, 187 AD3d 999, 1001; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198-199). However, FAPA, inter alia, replaced the savings provision of CPLR 205(a) with CPLR 205-a for, among other things, foreclosure actions (see id.; Deutsche Bank Natl. Trust Co. v Vista Holding, LLC, 239 AD3d at 832). In CPLR 205-a(a), the Legislature specified that a plaintiff cannot obtain the benefit of the six-months savings provision if the first action was dismissed "for any form of neglect, including, but not limited to those specified in [CPLR 3215]."

Here, the defendant correctly contends that FAPA constituted a change in the law that would alter the Supreme Court's prior determination of those branches of the defendant's prior cross-motion which were for leave to amend its answer to assert a statute of limitations defense and for summary judgment dismissing the complaint insofar as asserted against it as time-barred (see U.S. Bank N.A. v Mongru, 241 AD3d 970, 974). Since, inter alia, the 2011 foreclosure action was dismissed pursuant to CPLR 3215(c), the plaintiff is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a (see U.S. Bank Trust, N.A. v Giangrande, 229 AD3d 834, 836; Wells Fargo Bank, N.A. v Cafasso, 223 AD3d 695, 697).

In light of our determination, we need not reach the defendant's remaining contentions.

Accordingly, the Supreme Court should have granted the defendant's cross-motion for leave to renew those branches of its prior cross-motion which were for leave to amend its answer to assert a statute of limitations defense and for summary judgment dismissing the complaint insofar as asserted against it as time-barred and, upon renewal, vacated so much of the order dated July 24, 2019, as denied those branches of the prior cross-motion, and thereupon, granted those branches of the prior cross-motion, and should have denied that branch of the plaintiff's motion which was for a judgment of foreclosure and sale.

CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court