Deutsche Bank Natl. Trust Co. v Nelson (2020 NY Slip Op 02604)





Deutsche Bank Natl. Trust Co. v Nelson


2020 NY Slip Op 02604


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-10193
2020-02615
 (Index No. 610238/17)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Jacqueline A. Nelson, etc., et al., appellants, et al., defendants.


Fred M. Schwartz, Smithtown, NY, for appellants.
Winston & Strawn LLP, New York, NY (Heather Elizabeth Saydah of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jacqueline A. Nelson and James W. Nelson appeal from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated June 18, 2018, and (2) an order of the same court also dated June 18, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief and referred the matter to a referee to compute the amount due on the mortgage loan.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Jacqueline A. Nelson and James W. Nelson, to strike their answer, and for an order of reference are denied.
The plaintiff commenced this action against the defendants Jacqueline A. Nelson and James W. Nelson (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain property located in Kings Park. In their answer, the defendants asserted various affirmative defenses, including the plaintiff's failure to comply with RPAPL 1304 and failure to serve a notice of default in accordance with the terms of the mortgage. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
The plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. Contrary to the plaintiff's contention, the affidavit it submitted was insufficient to establish that the 90-day notice was sent to the defendant in the manner required by RPAPL 1304, as the affiant, Nicole Renee Williams, did not attest to knowledge of the mailing practices of the entity which sent the notice, and provided no independent evidence of the actual mailing (see Bank of N.Y. Mellon v Ettinger, 176 AD3d 1152, 1154; LNV Corp. v Sofer, 171 AD3d 1033, 1037). Since the plaintiff failed to provide evidence of the actual mailing, or evidence of a standard office mailing [*2]procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304 (see Bank of N.Y. Mellon v Ettinger,176 AD3d at 1154; U.S. Bank N.A. v Cope, 175 AD3d 527, 529; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). The plaintiff similarly failed to establish, prima facie, that the required notice of default was mailed by first class mail to the defendants, as claimed by Williams in her affidavit, in accordance with sections 15 and 22 of the mortgage agreement, which required service of a specified default notice as a condition precedent to acceleration of the loan (see U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012; U.S. Bank N.A. v Ahmed, 174 AD3d 661, 663; Bank of Am., N.A. v Kljajic, 168 AD3d 659, 661).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
In light of our determination, we need not reach the defendants' remaining contentions.
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court