Deutsche Bank Natl. Trust Co. v Crimi (2020 NY Slip Op 03376)





Deutsche Bank Natl. Trust Co. v Crimi


2020 NY Slip Op 03376


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-00074
2017-00980
 (Index No. 5141/11)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Nadine Crimi, etc., et al., appellants, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman and Jeffrey Arlen Spinner of counsel), for appellants.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Nadine Crimi and Gary J. Detrano appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 19, 2016, and (2) an order of the same court entered December 9, 2016. The order entered October 19, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Nadine Crimi and Gary J. Detrano, to strike the answer of those defendants, and for an order of reference, and denied the cross motion of the defendant Nadine Crimi to vacate the note of issue and to dismiss the complaint. The order entered December 9, 2016, insofar as appealed from, granted and denied the same relief as the order entered October 19, 2016, and referred the matter to a referee to compute the amount due the plaintiff.
ORDERED that the appeals by the defendant Gary J. Detrano are dismissed, as he is not aggrieved by the portions of the orders appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the appeal by the defendant Nadine Crimi from the order entered October 19, 2016, is dismissed, as the portions of the order appealed from were superseded by the order entered December 9, 2016; and it is further,
ORDERED that the order entered December 9, 2016, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Nadine Crimi and Gary J. Detrano, to strike the answer of those defendants, and for an order of reference, and referring the matter to a referee to compute the amount due the plaintiff, and substituting therefor a provision denying those branches of the motion; as so modified, the order entered December 9, 2016, is affirmed insofar as appealed from by the defendant Nadine Crimi, and the order entered October 19, 2016, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Nadine Crimi.
In April 2011, the plaintiff commenced this action to foreclose a mortgage executed in 2002 by the defendant Nadine Crimi, encumbering real property located in Freeport. Crimi and the defendant Gary J. Detrano (hereinafter together the defendants) interposed an answer with affirmative defenses. A prior foreclosure action (hereinafter the prior related action) against the defendants and others by the plaintiff's predecessor in interest was dismissed pursuant to an order of the Supreme Court, Nassau County, entered December 16, 2009 (hereinafter the December 2009 order).
In July 2013, the plaintiff in this action moved for summary judgment on the complaint insofar as asserted against the defendants and related relief. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered January 15, 2014, the Supreme Court denied the plaintiff's motion for summary judgment without prejudice, determining that factual issues existed as to whether the plaintiff complied with the notice requirements of RPAPL 1304 and whether the notice served by the plaintiff as required in sections 15 and 22 of the mortgage agreement was the same notice which was found to be insufficient in the December 2009 order, resulting in the dismissal of the prior related action. The court also denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
In February 2016, the plaintiff again moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. Crimi cross-moved to vacate the note of issue and to dismiss the complaint. In an order entered October 19, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference and denied Crimi's cross motion. Thereafter, in an order entered December 9, 2016, the court granted and denied the same relief, struck the defendants' answer, and appointed a referee to compute the amount due the plaintiff.
Contrary to the determination of the Supreme Court, the plaintiff failed to establish compliance with the requirements for a notice of default pursuant to section 22 of the mortgage agreement, which, together with section 15 of the same agreement, required, among other things, that the lender send the borrower notice of default "mailed by first class mail or . . . actually delivered to [the borrower's] notice address if sent by other means." The mortgage agreement provides that the notice address is the address of the mortgaged property unless the plaintiff is notified of another address by the borrower.
Here, in support of its motion, the plaintiff submitted only inadmissible hearsay in an attempt to show compliance with sections 15 and 22 of the mortgage agreement. Although the plaintiff submitted a purported notice of default dated November 29, 2010 (hereinafter the purported 2010 notice), the plaintiff failed to submit an affidavit attesting to the mailing of the purported 2010 notice, whether it was mailed at all, and if so, whether the mailing was by first class mail or, if otherwise, whether notice was actually delivered to Crimi's notice address, as required by the provisions in sections 15 and 22 of the mortgage agreement.
Moreover, although an affidavit submitted by the plaintiff referenced the mailing of a notice of default dated December 19, 2008 (hereinafter the 2008 notice), the 2008 notice had been found deficient by the Supreme Court in the prior related action in the December 2009 order. Thus, the plaintiff is precluded by the doctrine of collateral estoppel from relying on the 2008 notice (see Comprehensive Med. Care of N.Y., P.C. v Hausknecht, 55 AD3d 777, 777-778). In addition, the attorney's affirmation submitted by the plaintiff which stated that the purported 2010 notice was "in full compliance with the terms of the mortgage" was unsubstantiated and conclusory. Neither the attorney's affirmation nor the copy of the purported 2010 notice established "that the required notice was mailed by first class mail or actually delivered to the notice address if sent by other means, as required by the mortgage agreement" (Wells Fargo Bank, N.A. v Eisler, 118 AD3d 982, 983; see Emigrant Bank v Myers, 147 AD3d 1027, 1028).
Contrary to the Supreme Court's determination, the plaintiff also failed to establish, [*2]as a matter of law, its compliance with the 90-day notice requirements of RPAPL 1304. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Marchai Props., L.P. v Fu, 171 AD3d 722, 724-725 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Williams, 170 AD3d 1142, 1142-1143). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first class mail, to the last known address of the borrower (see RPAPL 1304[2]).
Here, the plaintiff's contention that it was not required to send RPAPL 1304 notice in this case because the loan was not a "home loan" as defined in the statute, but was "a reverse mortgage, construction loan or bridge loan," was not supported by admissible evidence, and the plaintiff failed to establish, as a matter of law, that the subject loan did not qualify as a "home loan" as defined in RPAPL 1304(6)(a) (see US Bank N.A. v Richard, 151 AD3d 1001, 1003; Flushing Sav. Bank v Latham, 139 AD3d 663, 665). Since neither affidavit submitted by the plaintiff alleged that the respective affiant was "personally familiar with the plaintiff's record-keeping practices and procedures, a proper foundation for the admission of the records was not provided, rendering [each affidavit] inadmissible to establish" that the loan was not a "home loan" for the purposes of RPAPL 1304 (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774). In addition, although both affiants purportedly relied on their "review of the Records associated with this Loan," neither affiant identified or attached the records purportedly reviewed. Consequently, "even if a proper foundation had been set forth in [the affidavits, the affiants'] assertions as to the contents of the records [are] inadmissible hearsay to the extent that the records [they] purport[ ] to describe were not submitted with [their] affidavit[s]" (id. at 774).
The plaintiff's contention that documents, including invoices reflecting payments by Crimi for construction and repair, prove that the loan was a construction loan is unavailing since the plaintiff failed to provide a foundation for the admission of such purported invoices and other documents (see Cadlerock Joint Venture, L.P. v Trombley, 150 AD3d 957, 959).
The plaintiff's failure to make a prima facie showing requires the denial of those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, regardless of the sufficiency of the opposition papers (see Nationstar Mtge., LLC v Dimura, 127 AD3d 1152, 1153).
Nevertheless, we agree with the Supreme Court's determination denying that branch of Crimi's cross motion which was to dismiss the complaint. "[T]he plaintiff's failure to demonstrate that it properly accelerated the entire amount of the loan prior to the commencement of this action does not, as a matter of law, necessarily preclude the plaintiff from recovering on the unpaid installments which have already come due. With respect to a mortgage payable in installments, separate causes of action accrue[ ] for each installment that is not paid" (Aurora Loan Servs., LLC v Tobing, 172 AD3d 975, 977 [internal quotation marks omitted]; see Fulton Holding Group, LLC v Lindoff, 165 AD3d 1053, 1055-1056; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). Since "compliance with the conditions of acceleration contained in paragraph 22 of the subject mortgage [was] not a condition precedent to commencing [so much of this] foreclosure action [seeking recovery of] unpaid amounts that have already come due under the terms of the note and mortgage" (Aurora Loan Servs., LLC v Tobing, 172 AD3d at 978), that branch of the cross motion which was to dismiss the complaint upon these grounds was properly denied.
The Supreme Court also properly denied that branch of Crimi's cross motion which was to dismiss the complaint based upon the plaintiff's failure to comply with RPAPL 1304. Crimi failed to submit evidence to show, prima facie, that the loan was a "home loan" within the meaning of RPAPL 1304 and, thus, subject to the statutory notice requirements (see US Bank N.A. v Richard, 151 AD3d at 1003; Citimortgage, Inc. v Simon, 137 AD3d 1190, 1192).
The defendants' remaining contention is without merit (see Cadichon v Facelle, 18 NY3d 230, 235).
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court