US Bank N.A. v Pierre (2020 NY Slip Op 07622)





US Bank N.A. v Pierre


2020 NY Slip Op 07622


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-06856
 (Index No. 8094/12)

[*1]US Bank National Association, etc., respondent,
v
Natalie Pierre, et al., appellants, et al., defendants.


Alter & Barbaro, Brooklyn, NY (Bernard M. Alter of counsel), for appellants.
Reed Smith LLP, New York, NY (Andrew B. Messite and Brenda Beauchamp Ward of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Natalie Pierre and Nelly Thadal appeal from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 13, 2018. The judgment of foreclosure and sale, upon a decision of the same court dated March 21, 2016, made after a nonjury trial, and an order of the same court, also entered April 13, 2018, inter alia, confirmed the report of the referee and directed the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is reversed, on the facts, with costs, and the complaint insofar as asserted against the defendants Natalie Pierre and Nelly Thadal is dismissed.
In June 2012, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Natalie Pierre and Nelly Thadal (hereinafter together the defendants). The defendants answered the complaint, raising, inter alia, the affirmative defenses of lack of standing and failure to comply with RPAPL 1304. A nonjury trial was held in January 2016, at which the plaintiff presented the testimony of Beverly DeCaro, a loan verification analyst for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer, and admitted into evidence a copy of the 90-day notice purportedly sent to the defendants.
In a decision dated March 21, 2016, the Supreme Court determined that the plaintiff established that it had standing by demonstrating that it was in physical possession of the note at the time the action was commenced, and that it complied with the notice requirements of RPAPL 1304 by demonstrating that the notice was sent by first-class mail and certified mail. By order entered April 29, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to strike the defendants' answer and dismiss their affirmative defenses and counterclaims, and to appoint a referee to ascertain and compute the amount due to the plaintiff. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale, and that motion was granted in an order entered April 13, 2018. By judgment of foreclosure and sale, also entered April 13, 2018, the Supreme Court confirmed the report of the referee and directed the sale of the subject premises. The defendants appeal.
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses" (US Bank N.A. v Cusati, 185 AD3d 870, 872; Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 855).
We disagree with the Supreme Court's determination that the plaintiff established that it strictly complied with RPAPL 1304. RPAPL 1304 provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]). "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; see U.S. Bank N.A. v Cope, 175 AD3d 527, 529). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
At the nonjury trial, the plaintiff relied upon the testimony of DeCaro, who, when shown a copy of the 90-day notice, testified that the notice was printed on October 13, 2011, the same date that appears on the notice, that it was sent to the defendants at the subject property, and that such notice was maintained by Wells Fargo in the regular course of business as the plaintiff's loan servicer. Contrary to the plaintiff's contention, DeCaro's testimony was insufficient to demonstrate that it complied with RPAPL 1304. DeCaro did not testify that she had personal knowledge of the purported mailing or of Wells Fargo's mailing practices, and did not describe the procedure by which the RPAPL 1304 notice was mailed to the defendants by both certified mail and first-class mail (see Bank of Am., N.A. v Lauro, 186 AD3d 659; KeyBank N.A. v Barrett, 178 AD3d 800, 802). Although the notice itself stated in bold print, "FIRST CLASS MAIL and CERTIFIED MAIL," no receipt or corresponding document issued by the United States Postal Service was submitted proving that the notice was actually sent by certified mail more than 90 days prior to commencement of the action. Moreover, the mailing manifest submitted by the plaintiff failed to establish that the notice was actually mailed to the defendants by both certified mail and first-class mail (see M & T Bank v Barter, 186 AD3d 698; HSBC Bank USA, N.A. v Campbell-Antoine, 179 AD3d 1043, 1045).
Since the plaintiff failed to provide evidence of the actual mailing, "or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure," the plaintiff failed to establish its strict compliance with RPAPL 1304 (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1517-1518; U.S. Bank, N.A. v Cope, 175 AD3d 527). Accordingly, the Supreme Court's finding that the plaintiff complied with the notice requirements of RPAPL 1304 was not warranted by the facts.
In light of our determination, we need not reach the defendants' remaining contentions.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court