Deutsche Bank Natl. Trust Co. v Bucicchia (2021 NY Slip Op 02132)





Deutsche Bank Natl. Trust Co. v Bucicchia


2021 NY Slip Op 02132


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-08854 
2019-06863
2019-06865
 (Index No. 607150/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Rebecca Bucicchia, et al., appellants, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellants.
McCabe, Weisberg & Conway, P.C. (Greenberg Traurig, LLP, New York, NY [Ryan Sirianni and Patrick G. Broderick], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Rebecca Bucicchia and Philip Bucicchia appeal from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated July 10, 2018, (2) an order of the same court dated May 20, 2019, and (3) a judgment of foreclosure and sale of the same court dated May 20, 2019. The order dated July 10, 2018, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment dismissing those defendants' affirmative defense alleging lack of standing and denied that branch of those defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. The order dated May 20, 2019, insofar as appealed from, upon an order of the same court dated December 17, 2018, made after a nonjury trial, striking those defendants' answer and directing the plaintiff to submit a proposed order of reference, and upon an order of the same court dated January 8, 2019, appointing a referee to compute the amount due to the plaintiff, confirmed the referee's report and granted the plaintiff's motion for a judgment of foreclosure and sale. The judgment of foreclosure and sale, insofar as appealed from, directed the sale of the real property at issue.
ORDERED that the appeals from the orders dated July 10, 2018, and May 20, 2019, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed insofar as appealed from, on the law, the third and fourth affirmative defenses of the defendants Rebecca Bucicchia and Philip Bucicchia are reinstated, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the complaint insofar as asserted against the defendants Rebecca Bucicchia and Philip Bucicchia is dismissed, and the orders are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Rebecca Bucicchia and Philip Bucicchia.
The appeals from the orders dated July 10, 2018, and May 20, 2019 (hereinafter the July 2018 order and May 2019 order, respectively), must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the July 2018 order and the May 2019 order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In July 2015, the plaintiff commenced this action against the defendants Rebecca Bucicchia and Philip Bucicchia (hereinafter together the defendants) and others to foreclose a mortgage securing real property owned by the defendants in Suffolk County (hereinafter the property). The plaintiff alleged that Rebecca Bucicchia defaulted on a note she had entered into with the plaintiff's predecessor in interest and that, after the defendants had entered into a modification agreement in June 2012 with the plaintiff's predecessor in interest, in March 2013, Rebecca Bucicchia defaulted by failing to make a payment due that month and payments due subsequent thereto.
In August 2015, the defendants filed an answer to the complaint asserting various affirmative defenses. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and dismissing their affirmative defenses, to strike their answer, and for an order of reference. The defendants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. In the July 2018 order, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendants' affirmative defenses, except the third and fourth affirmative defenses regarding the mailing of notices required by, respectively, the mortgage and RPAPL 1304. With respect to the issue of whether the notices were mailed to the defendants pursuant to the requirements of the mortgage and RPAPL 1304, the court set the matter down for a nonjury trial on that issue and denied the defendants' cross motion. At the conclusion of that trial, the court found in favor of the plaintiff. By order dated December 17, 2018, upon an oral decision on the record, the court struck the defendants' answer and directed the plaintiff to submit a proposed order of reference. In an order dated January 8, 2019, the court, inter alia, appointed a referee to compute the amount due to the plaintiff. In the May 2019 order, the court confirmed the referee's report and granted the plaintiff's motion for a judgment of foreclosure and sale. That same day, the court entered a judgment of foreclosure and sale, inter alia, directing the sale of the property. The defendants appeal.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defense alleging lack of standing. The plaintiff satisfied its prima facie burden of demonstrating that it had standing by annexing a copy of the note, indorsed in blank, to the complaint at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d 871, 873; Bank of N.Y. Mellon v Viola, 181 AD3d 767, 769). In opposition, the defendants failed to raise a triable issue of fact.
However, after the nonjury trial, the court should have dismissed the complaint insofar as asserted against the defendants, as the record demonstrates that the plaintiff failed to strictly comply with the notice requirements of RPAPL 1304 (see US Bank N.A. v Pierre, 189 AD3d 1309; see e.g. US Bank N.A. v Cusati, 185 AD3d 870, 872). The plaintiff also failed to establish that it complied with the notice requirements of the mortgage agreement (see US Bank NA v Cope, 175 AD3d 527, 530; LNV Corp. v Sofer, 171 AD3d 1033, 1037). Section 22 of the mortgage agreement, along with section 15 of the same agreement, require service of a specified default notice as a condition precedent to the acceleration of the mortgage loan (see Deutsche Bank Natl Trust Co. v Crimi, 184 AD3d 707, 709-711). Pursuant to section 15, the notice of default must be "mailed by first class mail or . . . actually delivered to [the defendants'] notice address if sent by other means." The mortgage agreement provides that the notice address is the address of the mortgaged property unless the plaintiff is notified of another address by the borrower.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or [*2]a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (see US Bank N.A. v Pierre, 189 AD3d 1309). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]; see also US Bank N.A. v Pierre, 189 AD3d 1309; Deutsche Bank Natl. Trust Co. v Crimi, 184 AD3d at 710). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of the condition precedent (see US Bank NA v Pierre, 189 AD3d 1309; U.S. Bank N.A. v Powell, 187 AD3d 1238). Proof of the requisite mailings of the RPAPL 1304 notices may be "'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1136, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
"'In reviewing a determination . . . after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses'" (US Bank N.A. v Pierre, 189 AD3d at 1310, quoting US Bank N.A. v Cusati, 185 AD3d 870, 872 [internal quotation marks omitted]). At the nonjury trial, the plaintiff relied upon the testimony of its sole witness, who testified as to the standard office mailing procedure of the plaintiff's prior and present loan servicer, but did not and could not attest to the practices and procedures of Walz Group, a third-party entity that was hired to undertake the requisite service of the notices on the defendants in accordance with the requirements of the mortgage agreement and RPAPL 1304. The plaintiff's witness expressly testified that she did not have familiarity with Walz Group's mailing practices "outside of their communications with" the loan servicer. In addition, the witness attested that she never mailed anything through Walz Group, was never employed by Walz Group, and was never trained by Walz Group in their procedures for mailing notices. Further, she testified that she could not say if Walz Group mailed the notices by first-class mail.
Thus, since the plaintiff's sole witness did not have "knowledge of the mailing practices of the entity which sent the notice[s]" (Deutsche Bank Natl. Trust Co. v Nelson, 183 AD3d 557, 558; see HSBC Bank USA, N.A. v Sawh, 177 AD3d 959, 961), and the business records that were submitted in evidence failed to show that the requisite first-class mailings of the RPAPL 1304 notices or the notices of default were actually made to the defendants or that the default notices were actually delivered to their "notice address," the plaintiff failed to establish its strict compliance with RPAPL 1304 (US Bank NA v Pierre,189 AD3d 1309) and that the notices of default were sent in accordance with the terms of the mortgage agreement (see US Bank NA v Cope, 175 AD3d at 530; LNV Corp. v Sofer, 171 AD3d at 1037). Thus, the Supreme Court's finding that the plaintiff established that it complied with the notice requirements of RPAPL 1304 and the mortgage agreement was not warranted by the facts.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have dismissed the complaint insofar as asserted against the defendants.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court