Citimortgage, Inc. v Leitman (2022 NY Slip Op 00397)





Citimortgage, Inc. v Leitman


2022 NY Slip Op 00397


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2020-00308
 (Index No. 31552/10)

[*1]Citimortgage, Inc., etc., respondent, 
v
Joseph Leitman, et al., appellants, et al., defendants.


Solomon Rosengarten, Brooklyn, NY, for appellants.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph Leitman and 310 Walsh Court, LLC, appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated September 5, 2019. The order and judgment of foreclosure and sale, upon a decision of the same court (Theresa M. Ciccotto, J.) dated February 2, 2018, made after a nonjury trial, inter alia, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law and the facts, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the complaint is dismissed insofar as asserted against the defendants Joseph Leitman and 310 Walsh Court, LLC.
In December 2010, the plaintiff commenced this mortgage foreclosure action against the defendants Joseph Leitman and 310 Walsh Court, LLC (hereinafter together the defendants), among others. The defendants answered the complaint, raising, inter alia, the affirmative defenses of failure to comply with RPAPL 1304 and lack of standing. A nonjury trial was held in September 2017 at which the plaintiff presented the testimony of Nicole Lopez, an assistant vice president and legal support for the plaintiff, and admitted into evidence copies of the 90-day notice which were purportedly sent to Leitman, among other things.
In a decision dated February 2, 2018, the Supreme Court determined, inter alia, that the plaintiff complied with the notice requirements of RPAPL 1304 by demonstrating that the 90-day notice was sent to Leitman by first-class mail and certified mail. The court further determined that the plaintiff, in effect, established that it had standing to foreclose. Based on the foregoing, the court determined that the plaintiff established its entitlement to a judgment of foreclosure and sale with regard to the subject property. After issuing an order appointing a referee to compute the amount due to the plaintiff, by order and judgment of foreclosure and sale dated September 5, 2018, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendants appeal.
"'In reviewing a determination made after a nonjury trial, this Court's power is as [*2]broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses'" (US Bank N.A. v Cusati, 185 AD3d 870, 872, quoting Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 855).
At the trial, Lopez testified, in relevant part, that the subject 90-day notice was created and mailed by a third-party entity known as Venture, based upon the information provided to it by the plaintiff, and that Venture's mailing procedure is dictated by the contract between the plaintiff and Venture.
"[A]s a general rule, the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209 [internal quotation marks omitted]). "However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (id. at 209). 
Contrary to the defendants' contention, Lopez laid a proper foundation for the admission of the copies of the 90-day notice, the "IPD report," and a mailing manifest into evidence. Here, Lopez testified, inter alia, that after mailing a 90-day notice, Venture would provide the plaintiff with a copy of the notice, which the plaintiff would then upload to its own electronic files. Lopez also testified that after a notice was uploaded to the plaintiff's electronic file system, the system automatically populated the IPD report with relevant information, and that the plaintiff maintains the IPD report for all of the loans it services, and the entries on the IPD report are made on or about the same day as the upload of the notice to the plaintiff's files. Finally, Lopez testified that the mailing manifest is a document that the plaintiff creates with certified mailing information provided by Venture, that the plaintiff has a manifest for every day that Venture sent certified mailings on its behalf, and that the plaintiff maintains the manifest in the normal course of business. Accordingly, Lopez's testimony established that the notices that were created by Venture and the information that was supplied to the plaintiff by Venture with regard to its mailing of the notices, were "incorporated into the [plaintiff's] own records and routinely relied upon by . . . [it] in its own business[,]" and thus, the 90-day notice, the IPD report, and the mailing manifest were properly admitted into evidence at trial (id.; see U.S. Bank N.A. v Kropp-Somoza, 191 AD3d 918).
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL 1304 requires that the notice "'must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower'" (US Bank N.A. v Pierre, 189 AD3d 1309 1311, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (US Bank N.A. v Pierre, 189 AD3d at 1311 [internal quotation marks omitted]). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (id. [internal quotation marks omitted]).
Here, while Lopez testified to having knowledge of the procedures required by the plaintiff's contract with Venture, she did not attest to having personal knowledge of Venture's actual mailing procedure designed to ensure that the notices were properly mailed.
Further, the plaintiff failed to provide proof of actual mailing of the 90-day notice. When shown a copy of the 90-day notice which was purportedly sent to Leitman, Lopez testified that [*3]the notice was sent via "regular mail" and "certified mail," further relying on the IPD report to corroborate the mailing. Lopez testified that the bar code and corresponding tracking numbers, which Venture had placed on one of the copies of the notice to indicate it was sent by certified mail, correspond with the numbers set forth in the mailing manifest insofar as it relates to Leitman's loan. Nevertheless, Lopez also testified that the plaintiff does not maintain certified mail receipts and that she did not compare the tracking numbers on the top of the 90-day notice with the numbers as set forth on the certified mail receipt kept on file with the United States Postal Service. The bar code that Venture printed on the top of the notice is not labeled "certified mail," and "no receipt or corresponding document issued by the United States Postal Service was submitted proving that the notice was actually sent by certified mail more than 90 days prior to commencement of the action" (id. [internal quotation marks omitted]).
Thus, as "the plaintiff failed to provide evidence of the actual mailing, 'or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure,' the plaintiff failed to establish its strict compliance with RPAPL 1304" (id. at 1312, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1517-1518; U.S. Bank N.A. v Cope, 175 AD3d 527). Accordingly, the Supreme Court's finding that the plaintiff complied with the notice requirements of RPAPL 1304 was not warranted by the facts.
The parties' remaining contentions either are without merit, need not be reached in light of our determination, or are improperly raised for the first time on appeal.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court