Hudson City Sav. Bank v Ellia (2022 NY Slip Op 06235)

Hudson City Sav. Bank v Ellia

2022 NY Slip Op 06235

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-02753 
2020-02755
 (Index No. 601023/17)

[*1]Hudson City Savings Bank, respondent, 
v
Anthony Ellia, appellant, et al., defendants.

Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel),
for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and Eric M. Levine of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anthony Ellia appeals from two orders of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), both dated February 6, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Anthony Ellia, to strike that defendant's answer and affirmative defenses, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order dated February 6, 2020, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Anthony Ellia, to strike that defendant's answer and his affirmative defenses, other than the affirmative defense alleging noncompliance with RPAPL 1304, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the first order dated February 6, 2020, is affirmed insofar as appealed from, and so much of the second order dated February 6, 2020, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Anthony Ellia, to strike that defendant's answer and affirmative defenses, other than the affirmative defense alleging noncompliance with RPAPL 1304, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the second order dated February 6, 2020, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Anthony Ellia, to strike that defendant's answer and affirmative defenses, other than the affirmative defense alleging noncompliance with RPAPL 1304, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is dismissed as academic in light of our determination on the appeal from the first order dated February 6, 2020; and it is further,
ORDERED that the second order dated February 6, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Anthony Ellia.
In January 2017, the plaintiff commenced this action against, among others, the defendant Anthony Ellia (hereinafter the defendant) to foreclose a mortgage encumbering certain real property in Suffolk County. The defendant interposed an answer in which he asserted, inter alia, affirmative defenses alleging lack of standing and failure to comply with RPAPL 1304. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. As is relevant to these appeals, in an order dated February 6, 2020, the Supreme Court granted those branches of the plaintiff's motion. In a second order of the same date, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
Contrary to the defendant's contention, the plaintiff demonstrated, prima facie, that it strictly complied with RPAPL 1304 (see Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d 890, 891-892; U.S. Bank Trust, N.A. v Mehl, 195 AD3d 1054, 1055-1056; U.S. Bank NA v Smith, 191 AD3d 726, 728). In opposition, the defendant failed to raise a triable issue of fact on this issue.
Nevertheless, since the plaintiff's standing to commence the foreclosure action was placed in issue by the defendant, the plaintiff was required to prove its standing to be entitled to relief against the defendant (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). "'A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced'" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1134-1135, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). In a foreclosure action such as this one, the plaintiff may demonstrate its standing by submitting evidence demonstrating that, prior to the commencement of the action, it was in possession of the note at issue endorsed in blank, or the note and a firmly affixed allonge endorsed in blank (see Nationstar Mtge., LLC v Calomarde, 201 AD3d 940, 942; US Bank Trust, N.A. v Loring, 193 AD3d 1101, 1103).
Contrary to the determination of the Supreme Court, the plaintiff failed to establish, prima facie, that it had standing to commence the action based on its annexation of the note to the summons and complaint, since the plaintiff did not demonstrate that the purported allonge, which was on a piece of paper completely separate from the note, was "so firmly affixed thereto as to become a part thereof," as required by UCC 3-202(2) (see Raymond James Bank, NA v Guzzetti, 202 AD3d 841; Nationstar Mtge., LLC v Calomarde, 201 AD3d at 942).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, other than the affirmative defense alleging noncompliance with RPAPL 1304, and for an order of reference.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court