U.S. Bank N.A. v Kissi (2023 NY Slip Op 04790)

U.S. Bank N.A. v Kissi

2023 NY Slip Op 04790

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-00054
2023-00289
 (Index No. 800004/20)

[*1]U.S. Bank National Association, etc., respondent,
v
Rosemond Kissi, appellant, et al., defendants.

Joseph A. Altman, P.C., Fleetwood, NY, for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Brian S. McGrath and Ashley R. Newman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rosemond Kissi appeals from (1) an order of the Supreme Court, Putnam County (Sam D. Walker, J.), dated December 10, 2020, and (2) an order and judgment of foreclosure and sale (one paper) of the same court (Gina C. Capone, J.) dated October 31, 2022. The order, upon a referee's report (Erin Noelle Guven, Ct. Atty. Ref.) dated January 14, 2020, made after a nonjury trial, finding that the plaintiff complied with RPAPL 1304 and the notice requirements of the mortgage agreement, denied the motion of the defendant Rosemond Kissi to reject the referee's report and granted the plaintiff's cross-motion to confirm the referee's report. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated May 6, 2019 (Kathie E. Davidson, J.), inter alia, denying the cross-motion of the defendant Rosemond Kissi for summary judgment dismissing the complaint insofar as asserted against her, and upon the order dated December 10, 2020, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the appeal from the order dated December 10, 2020, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law and the facts, the plaintiff's motion for a judgment of foreclosure and sale is denied, the motion of the defendant Rosemond Kissi to reject the referee's report is granted, the plaintiff's cross-motion to confirm the referee's report is denied, the complaint is dismissed insofar as asserted against the defendant Rosemond Kissi, and the order dated December 10, 2020, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Rosemond Kissi.
In August 2006, the defendant Rosemond Kissi (hereinafter the defendant) executed a note in the sum of $252,000, which was secured by a mortgage against certain real property located in Mahopac. In November 2015, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others, alleging, inter alia, that the defendant defaulted in making monthly mortgage payments starting in March 2009. The defendant interposed an answer which [*2]asserted various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304 and the notice provisions of the mortgage agreement. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated May 6, 2019, the Supreme Court denied the plaintiff's motion and the defendant's cross-motion, and referred the matter to a referee for a trial on the issues of whether the plaintiff complied with RPAPL 1304 and the notice provisions of the mortgage agreement.
Following the trial, the referee issued a report finding, inter alia, that the plaintiff demonstrated that a notice of default was mailed to the defendant in compliance with the mortgage agreement, and that the plaintiff established that a 90-day notice was sent to the defendant by first-class mail and certified mail in compliance with RPAPL 1304. The defendant moved to reject the referee's report on the ground that the referee's findings were not substantially supported by the record. The plaintiff cross-moved pursuant to CPLR 4403 to confirm the referee's report. In an order dated December 10, 2020, the Supreme Court, among other things, denied the defendant's motion to reject the referee's report and granted the plaintiff's cross-motion to confirm the referee's report. Thereafter, the plaintiff moved for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated October 31, 2022, the court granted the plaintiff's motion and directed the sale of the subject property. The defendant appeals.
The appeal from the order dated December 10, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
"'In reviewing a determination . . . after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses'" (Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d 682, 685, quoting US Bank N.A. v Pierre, 189 AD3d 1309, 1310 [internal quotation marks omitted]).
Here, following the nonjury trial, the Supreme Court should have dismissed the complaint insofar as asserted against the defendant, as the record demonstrates that the plaintiff failed to establish its strict compliance with RPAPL 1304 and with the notice requirements of the mortgage agreement (see Citimortgage, Inc. v Leitman, 201 AD3d 864, 867; Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 684-685).
With regard to the notice requirements of the mortgage agreement, sections 15 and 22 of the mortgage agreement required service of a specified default notice as a condition precedent to acceleration of the loan (see Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 684-685; Deutsche Bank Natl. Trust Co. v Crimi, 184 AD3d 707, 709-711). Pursuant to section 15, the notice of default must be "mailed by first class mail or . . . actually delivered to [the defendant's] notice address if sent by other means." Here, the plaintiff failed to present any evidence at trial showing that the notice of default was mailed by first-class mail or actually delivered to the defendant's notice address as required by the mortgage agreement.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (see Citimortgage, Inc. v Leitman, 201 AD3d at 866; Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 684-685; US Bank N.A. v Pierre, 189 AD3d at 1311). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]; see also Citimortgage, Inc. v Leitman, 201 AD3d at 866). "Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of the condition precedent" (Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 685; see US Bank N.A. v [*3]Pierre, 189 AD3d at 1309). Proof of the requisite mailings of the RPAPL 1304 notices may be "'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 685, quoting U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1136 [internal quotation marks omitted]).
Here, the testimony of the plaintiff's sole witness at trial, Lawrence Nardi, a case manager for the plaintiff's servicer, Select Portfolio Servicing (hereinafter SPS), was insufficient to establish a standard office mailing procedure designed to ensure that notices were properly addressed and mailed (see Citimortgage, Inc. v Leitman, 201 AD3d at 866). Moreover, while the plaintiff presented copies of 90-day notices containing a 20-digit bar code, those letters contained no language indicating that they were sent by first-class or certified mail, or even that a mailing was done by the U.S. Postal Service (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892). In addition, the plaintiff failed to present any receipt or corresponding document issued by the U.S. Postal Service showing that the notice was actually sent by first-class or certified mail more than 90 days prior to commencement of the action (see Citimortgage, Inc. v Leitman, 201 AD3d at 867). Thus, the plaintiff failed to demonstrate its strict compliance with RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 685-686; US Bank N.A. v Pierre, 189 AD3d at 1310).
Consequently, the plaintiff failed to establish its compliance with RPAPL 1304 or the notice provisions of the mortgage agreement, which were conditions precedent to the commencement of the foreclosure action, and thus, the defendant was entitled to dismissal of the complaint insofar as asserted against her (see Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 684-686).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have denied the plaintiff's cross-motion to confirm the referee's report and the plaintiff's motion for a judgment of foreclosure and sale, granted the defendant's motion to reject the referee's report, and dismissed the complaint insofar as asserted against the defendant.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court