Onewest Bank FSB v Thomas (2025 NY Slip Op 05692)

Onewest Bank FSB v Thomas

2025 NY Slip Op 05692

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-10205
 (Index No. 53093/14)

[*1]Onewest Bank FSB, respondent, 
v
Jaimon Thomas, et al., appellants, et al., defendants.

Clair Gjertsen & Weathers PLLC, White Plains, NY (Mary Aufrecht of counsel), for appellants.
Stradley Ronon Stevens & Young, LLP, New York, NY (Catherine Gran of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jaimon Thomas and Mary Thomas appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (David F. Everett, J.), dated August 1, 2024. The order and judgment of foreclosure and sale, upon an order of the same court dated June 16, 2023, made after a nonjury trial, granting the plaintiff's motion for an order of reference and denying the cross-motion of the defendants Jaimon Thomas and Mary Thomas to dismiss the complaint insofar as asserted against them as abandoned pursuant to 22 NYCRR 202.48(b), and upon an order of the same court, also dated June 16, 2023, granting the same relief to the plaintiff and appointing a referee to compute the amount due to the plaintiff, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the real property at issue.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law and the facts, with costs, the plaintiff's motion for an order of reference is denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the complaint is dismissed insofar as asserted against the defendants Jaimon Thomas and Mary Thomas, and the orders dated June 16, 2023, are modified accordingly.
In February 2014, the plaintiff commenced this action against, among others, the defendants Jaimon Thomas and Mary Thomas (hereinafter together the defendants) to foreclose a mortgage encumbering certain real property located in Yonkers (hereinafter the premises). The defendants answered the complaint and asserted, inter alia, affirmative defenses alleging lack of standing and failure to comply with the preforeclosure notice provisions of RPAPL 1304 and paragraph 13 of the mortgage agreement. A nonjury trial was held in January 2017. At the conclusion of the trial, the Supreme Court found, among other things, that the plaintiff established its standing to commence the action and demonstrated its compliance with RPAPL 1304 and the default notice provision of the mortgage agreement.
Upon those findings, in an order dated June 16, 2023, the Supreme Court granted the plaintiff's motion for an order of reference and denied the defendants' cross-motion to dismiss the [*2]complaint insofar as asserted against them as abandoned pursuant to 22 NYCRR 202.48(b). In a separate order of the same date, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale dated August 1, 2024, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the premises. The defendants appeal.
"'In reviewing a determination . . . after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses'" (U.S. Bank N.A. v Kissi, 219 AD3d 1551, 1553, quoting Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d 682, 685).
Here, following the nonjury trial, the Supreme Court should have dismissed the complaint insofar as asserted against the defendants, as the record demonstrated that the plaintiff failed to establish its standing to commence the action and demonstrate its strict compliance with RPAPL 1304 and the default notice provision of the mortgage agreement (see id.).
Where, as here, "'the plaintiff's standing to commence the foreclosure action was placed in issue by the defendant, the plaintiff was required to prove its standing to be entitled to relief against the defendant'" (U.S. Bank N.A. v Muroff, 234 AD3d 1010, 1012, quoting Hudson City Sav. Bank v Ellia, 210 AD3d 750, 752). "'A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced'" (id. [internal quotation marks omitted], quoting Hudson City Sav. Bank v Ellia, 210 AD3d at 752). "An endorsement made on a negotiable instrument, whether a specific endorsement or an endorsement in blank, must be on the instrument or on a paper so 'firmly affixed thereto as to become a part thereof'" (id. [internal quotation marks omitted], quoting UCC 3-202[2]).
Contrary to the determination of the Supreme Court, since the witness on the issue of standing proffered by the plaintiff at the trial testified, among other things, that the purported allonges that were with the original note were not stapled to the note, and further testified that he did not know when the allonges were executed or attached to the note, the plaintiff failed to establish its standing as the holder of the original note at the time of the commencement of the action.
The trial record likewise does not support the Supreme Court's determination after the trial that the plaintiff demonstrated its strict compliance with RPAPL 1304 and the default notice provision of the mortgage agreement.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (see U.S. Bank N.A. v Kissi, 219 AD3d at 1553; Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 684-685). RPAPL 1304(2) requires that the notice be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see U.S. Bank N.A. v Kissi, 219 AD3d at 1553). "Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of the condition precedent" (Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 685). Proof of the requisite mailings of the RPAPL 1304 notices may be "'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Kissi, 219 AD3d at 1554 [internal quotation marks omitted], quoting Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 685; see U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1136).
The mortgage agreement "required service of a specified default notice as a condition precedent to acceleration of the loan" (U.S. Bank N.A. v Kissi, 219 AD3d at 1553; see Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 684-685). Pursuant to paragraph 13 of the mortgage agreement, the default notice was required to be mailed by first-class mail or actually delivered to the defendants.
At trial, the plaintiff's witness on the issue of notice did not have knowledge of the mailing practices of the entity which, according to the plaintiff, sent the requisite 30-day and 90-day notices (see Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 685-686; Deutsche Bank Natl. Trust Co. v Nelson, 183 AD3d 557, 558). Moreover, the business records that were submitted in evidence failed to show that the requisite certified and first-class mailings of the RPAPL 1304 notices or the default notices were actually made to the defendants or that the default notices were actually delivered to their notice address. Thus, the plaintiff failed to demonstrate its strict compliance with RPAPL 1304 and failed to show that the default notices were sent in accordance with the terms of the mortgage agreement (see Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 685-686; U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 530).
Accordingly, the determination of the Supreme Court as to those issues likewise was not supported by the trial record.
Since the plaintiff failed to establish its standing to commence the action as well as its strict compliance with RPAPL 1304 and the default notice provision of the mortgage agreement, which were conditions precedent to the commencement of the foreclosure action, the defendants were entitled to dismissal of the complaint insofar as asserted against them (see U.S. Bank N.A. v Kissi, 219 AD3d at 1553-1554; Deutsche Bank Natl. Trust Co. v Bucicchia, 193 AD3d at 684-686).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court